IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DEVERY DAVIS and CLIFTON HUMPHREY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** § § § § § | § | **CIVIL ACTION NO. _____** |
| Plaintiffs, | § § | |
| v. | § § | |
| **FIVE OAKS ACHIEVEMENT CENTER, LLC d/b/a FIVE OAKS ACHIEVEMENT CENTER; WHISPERING HILLS ACHIEVEMENT CENTER, LLC d/b/a WHISPERING HILLS ACHIEVEMENT CENTER; and NORTH FORK EDUCATIONAL CENTER, LLC d/b/a NORTH FORK EDUCATIONAL CENTER,** | § § § § § § § § § § § | **COLLECTIVE ACTION** |
| Defendants. | § | |

**INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT
<u>UNDER THE FAIR LABOR STANDARDS ACT</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

Devery Davis and Clifton Humphrey ("Plaintiffs") bring this collective action complaint on behalf of themselves and others similarly situated to recover unpaid back wages for overtime compensation from Five Oaks Achievement Center, LLC d/b/a Five Oaks Achievement Center (hereinafter referred to as "Five Oaks"), Whispering Hills Achievement Center, LLC d/b/a Whispering Hills Achievement Center (hereinafter referred to as "Whispering Hills"), and North Fork Educational Center, LLC d/b/a North Fork Educational Center (hereinafter referred to as "North Fork") (collectively referred to as "Defendants").

# I.
# NATURE OF THE ACTION

1. Plaintiffs bring this civil action, individually and collectively, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA" or the "Act") on behalf of themselves and on behalf of all those similarly situated, to recover unpaid back wages (29 U.S.C. §§201, et. seq.), an additional equal amount as liquidated damages (29 U.S.C. § 216(c)), attorney's fees and costs (29 U.S.C. § 216), and pre- and post-judgment interest.

2. Defendants Five Oaks, North Fork and Whispering Hills have violated the FLSA by routinely requiring Plaintiffs to work in excess of forty (40) hours per week, but refusing to compensate them for such hours at the overtime rate required under the FLSA.

3. Defendants impermissibly deducted an eight (8) hour sleep time period from its Direct Care Staff Employees' hours worked resulting in overtime violations.

4. Plaintiffs, as the putative collective/class representatives, seek certification of this suit as a collective action on behalf of all current and former Direct Care Staff Employees of Defendants described, referenced and identified below, who worked for Defendants performing work or have performed duties similar to the duties performed by the Plaintiffs for the Defendants (collectively referred to as the "Similarly Situated Direct Care Staff Employees").

# II.
# THE PARTIES

5. **Plaintiff Devery Davis** ("Plaintiff Davis") resides in Wharton, Wharton County, Texas. Plaintiff Davis worked for Five Oaks as a Direct Care Staff Employee from

November, 2013 until September, 2018. Attached as Exhibit "1" is Plaintiff Davis' *Notice of Consent* to filing this action.

6. **Plaintiff Clifton Humphrey** ("Plaintiff Humphrey") resides in Rosenberg, Fort Bend County, Texas. Plaintiff Humphrey worked for Five Oaks as a Direct Care Staff Employee from April, 2011 until August, 2018. Attached as Exhibit "1" is Plaintiff Humphreys' *Notice of Consent* to filing this action.

7. **Defendant Five Oaks Achievement Center, LLC** ("Five Oaks"), is now and at all times hereinafter mentioned was, a limited liability company in Fort Bend County, Texas, within the jurisdiction of this Court, doing business as Five Oaks Achievement Center, a for-profit residential treatment center for troubled youth located at 7674 Pechacek Road, New Ulm, Texas 78950.

8. **Defendant North Fork Educational Center, LLC** ("North Fork") is now, and at all times hereinafter mentioned was, a limited liability company in Fort Bend County, Texas, within the jurisdiction of this Court, doing business as North Fork Educational Center, a for-profit residential treatment center for troubled youth located at 3001 Elm Grove Road, Wylie, Texas 75098.

9. **Defendant Whispering Hills Achievement Center, LLC** ("Whispering Hills") is now, and at all times hereinafter mentioned was, a limited liability company in Fort Bend County, Texas, within the jurisdiction of this Court, doing business as Whispering Hills Achievement Center, a for-profit residential treatment center for troubled youth located at 4110 FM 609, Flatonia, Texas 78941.

## III.
## JURISDICTION AND VENUE

10. Defendants Five Oaks, Whispering Hills, and North Fork are located in Fort Bend County, Texas. Therefore, this action is within the jurisdiction of the United States District Court for the Southern District of Texas and venue is proper in the Southern District of Texas, Houston Division.

11. Defendants were employers of Plaintiffs and other Similarly Situated Direct Care Staff Employees within the meaning of the FLSA.

12. Jurisdiction is proper in this Court pursuant to 29 U.S.C. §216 and §217 and 28 U.S.C. §1331 and §1345. This Court has original subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

13. This Court has personal jurisdiction over Defendants because (1) all of the alleged events occurred in this judicial district; (2) Defendants have transacted and are transacting business in this district; and (3) Defendants reside in and have places of business in this district.

14. Venue in this district is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in the Southern District of Texas.

## IV.
## ENTERPRISE AND INDIVIDUAL FLSA COVERAGE

15. At all times hereinafter mentioned, Defendants Five Oaks, Whispering Hills, and North Fork have been an enterprise within the meaning of 29 U.S.C. § 203(r), in that Defendants have been, through unified operation or common control, engaged in the

performance of related activities for a common business purpose, which is operating three for-profit residential treatment centers for troubled youth.

16. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A), in that they have employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that it has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## V.
## BACKGROUND AND STATEMENT OF CLAIMS

17. Defendants have violated the provisions of 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act for workweeks longer than forty hours without compensating such employees for their employment in excess of forty hours per week at rates not less than one and one-half times the regular rates at which they were employed.

18. Defendants wrongly deducted eight hours of sleep time from the Direct Care Staff Employees' hours worked each week. In order for Defendants to deduct eight of hours of sleep time, Defendants should have met certain requirements – which they failed to do. Defendants failed to (1) provide adequate sleep facilities for the Direct Care Staff Employees and (2) ensure the Direct Care Staff Employees received at least five hours of uninterrupted sleep each night.

19. As a result of the violations of the FLSA, overtime compensation has been willfully and unlawfully withheld by Defendants from their employees. Plaintiffs and other Similarly Situated Direct Care Staff are employees within the meaning of 29 U.S.C. § 203(e)(1).

20. The relationship between Defendants and Plaintiffs (and the other Similarly Situated Direct Care Staff Employees) was a continuing relationship.

21. Defendants knew they were required by the FLSA to pay an additional one and one-half premium rate for the overtime work of Plaintiffs and the other Similarly Situated Direct Care Staff Employees.

22. Defendants willfully failed to pay the Plaintiffs and the other Similarly Situated Direct Care Staff Employees overtime.

23. The failure to pay overtime was a violation of the FLSA, including §§ 207(a) and 15(a)(2).

## VI.
## DIRECT CARE STAFF
## CLASS/COLLECTIVE ACTION ALLEGATIONS

24. Plaintiffs hereby adopt and incorporate by reference all of the foregoing paragraphs, allegations and Exhibit "1," as if set forth herein verbatim.

25. There is a collective/class in excess of four other Similarly Situated Direct Care Staff Employees who have performed work similar to the Plaintiffs.

26. Plaintiffs and the other Similarly Situated Direct Care Staff were unpaid overtime compensation, thus requiring overtime due at a rate of an additional one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in each workweek.

27. Plaintiffs and the other Similarly Situated Direct Care Staff were not guaranteed any specific number of paid days in any workweek, and they were not paid on a salary basis.

28. Plaintiffs and the other Similarly Situated Direct Care Staff have consistently worked more than forty (40) hours in workweeks.

29. Plaintiffs and the other Similarly Situated Direct Care Staff have not been paid for overtime at one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours per workweek.

30. Plaintiffs and the other Similarly Situated Direct Care Staff are entitled to payment of overtime at the rate of an additional one and one-half times their regular rate of pay for the time period worked in excess of forty (40) hours per workweek.

31. Plaintiffs and the other Similarly Situated Direct Care Staff of Defendants on whose behalf this lawsuit is brought include all present and former Direct Care Staff Employees of Defendants who have performed duties similar to the duties performed by the Plaintiffs. These employees have been subject to the same policies and practices as the Plaintiffs regarding non-payment of overtime wages at an additional one and one-half times their regular rate of pay.

32. Defendants have violated 29 U.S.C. §207 of the FLSA by failing to pay the Plaintiffs, and the other Similarly Situated Direct Care Staff, overtime compensation required by the FLSA in workweeks in which they worked in excess of forty (40) hours.

33. Defendants' violations have been willful.

34. There are questions of law and fact common to the class/collective.

35. The claims or defenses of the representatives, Plaintiffs Davis and Humphrey, are typical of the claims or defenses of the class/collective.

36. The representatives, Plaintiffs Davis and Humphrey, will fairly and adequately protect the interests of the collective/class.

37. Counsel for the Plaintiffs, Washington & Associates, PLLC, has conducted significant investigation as to potential claims and parties in this case.

38. Prosecuting this case as a class/collective action for similarly situated employees who have been unlawfully denied overtime wages will promote judicial efficiency and will best protect the interest of the class/collective members.

39. There are no conflicts of interest among the class/collective members.

40. Counsel for the Plaintiffs, Washington & Associates, PLLC, is knowledgeable and experienced in the field of employment law and can and will fairly and competently represent the interests of all class members.

41. Counsel for Plaintiffs has and will commit the human and financial resources necessary to represent the class/collective.

42. Plaintiffs' written Consents to this action are attached collectively as **Exhibit "1"** and incorporated by this reference.

## VII.
## CAUSE OF ACTION:
## DIRECT CARE STAFF EMPLOYEES UNPAID OVERTIME –
## FAIR LABOR STANDARDS ACT (FLSA)
## (INDIVIDUAL AND CLASS/COLLECTIVE ACTION)

43. Plaintiffs hereby adopt and incorporate by reference all of the foregoing paragraphs, allegations and Exhibit "1,", as if set forth herein verbatim.

44. Plaintiffs and the other Similarly Situated Direct Care Staff Employees were not paid on a salary basis.

45. Plaintiffs and the other Similarly Situated Direct Care Staff Employees are entitled to overtime at a rate of an additional one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

46. Plaintiffs and the other Similarly Situated Direct Care Staff Employees have worked workweeks in excess of forty (40) hours.

47. Defendants have failed to pay overtime to Plaintiffs, and the other Similarly Situated Direct Care Staff Employees for the hours worked in excess of forty (40) hours per workweek.

48. Defendants impermissible deducted 8 hours of sleep time from the Direct Care Staff Employees' hours worked each week without providing adequate sleep facilities and ensuring employees received five hours of uninterrupted sleep each night.

49. Defendants' failure to pay overtime was willful and lacking in good faith, thus entitling Plaintiffs and the other Similarly Situated Direct Care Staff to a three-year statute of limitations and requiring Defendants to pay interest and liquidated damages.

## VIII.
## ATTORNEY'S FEES

Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiffs have necessitated Plaintiffs retaining the services of Washington & Associates, PLLC, 2019 Wichita Street, Houston, TX 77004, in initiating this proceeding. Plaintiffs seek recovery of reasonable and necessary attorney's fees. Plaintiffs are entitled to attorney's fees under 29 U.S.C. § 216(b) and other applicable law.

## **PRAYER**

**WHEREFORE,** Plaintiffs Devery Davis and Clifton Humphrey, through their undersigned counsel, respectfully request that this Court:

A. Upon proper motion, enter an order certifying this suit as a collective action on behalf of all current and former staff of Defendants performing direct care for Defendants, regardless of what title they were initially or later given by Defendants, and that notice therefore be distributed to all putative class/collective members;

B. Order Defendants to make the Plaintiffs and the other Similarly Situated Direct Care Staff whole by paying the overtime wages due;

C. Order Defendants to pay interest and liquidated damages on all wages owed;

D. Order Defendants to make proper payments of all Federal withholdings and taxes to the Internal Revenue Service;

E. Order Defendants to make the Plaintiffs, and all others Similarly Situated Direct Care Staff, whole by paying monetary damages, liquidated damages, interest and other affirmative relief necessary to eradicate the effects of their illegal actions;

F. Order Defendants to pay costs and attorney's fees incurred by the Plaintiffs and the other Similarly Situated Direct Care Staff; and

G. Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

**WASHINGTON & ASSOCIATES, PLLC**

By:     */s/ Mickey L. Washington*
         MICKEY L. WASHINGTON
         Federal Bar No. 35786
         E-mail: mw@mickeywashington.com
         KIMBERLY R. BENNETT
         Federal Bar No. 32123
         kbennetttx@earthlink.net
         2019 Wichita Street
         Houston, Texas 77004
         (713) 225-1838 (Telephone)
         (713) 225-1866 (Facsimile)

         **ATTORNEYS FOR PLAINTIFFS and**
         **ALL OTHERS SIMILARLY SITUATED**