IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEVERY DAVIS and CLIFTON HUMPHREY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | |
| FIVE OAKS ACHIEVEMENT CENTER, LLC d/b/a FIVE OAKS ACHIEVEMENT CENTER; WHISPERING HILLS ACHIEVEMENT CENTER, LLC d/b/a WHISPERING HILLS ACHIEVEMENT CENTER; and NORTH FORK EDUCATIONAL CENTER, LLC d/b/a NORTH FORK EDUCATIONAL CENTER, | § § § § § § § § § § § § | CIVIL ACTION NO. 4:20-CV-00724 |
| Defendants. | § | |

## DEFENDANTS' ORIGINAL ANSWER

Defendants Five Oaks Achievement Center, LLC d/b/a Five Oaks Achievement Center, Whispering Hills Achievement Center, LLC d/b/a Whispering Hills Achievement Center and North Fork Education Center, LLC d/b/a North Fork Educational Center, (collectively "Defendants") file this Answer to Plaintiffs' Individual and Collective Action Complaint Under the Fair Labor Standards Act and state as follows:

### General Denial

Pursuant to Rule 8(b), FED. R. CIV. P., Defendants deny generally all claims that are not specifically admitted herein.

### Responses to Specific Averments

Defendants respond as follows to the averments contained in the following numbered paragraphs of Plaintiff's Complaint:

1. Defendant admits that Plaintiffs bring this action under the Fair Labor Standards Act but deny that Plaintiffs are entitled to any relief thereunder.

2. Denied.

3. Denied.

4. Defendants admit that Plaintiffs seek certification of this suit as a collective action but deny that they are entitled to such certification.

5. Admit that Plaintiff Devery Davis worked for Five Oaks as a Direct Care Staff Employee from approximately December 2012 until October 2, 2018. No Notice of Consent was attached to the complaint served on Defendants.

6. Admit that Clifton Humphrey worked for Five Oaks as a Direct Care Staff Employee from approximately April 2012 until August 24, 2018. No Notice of Consent was attached to the complaint served on Defendants.

7. Admit except that Five Oaks is no longer in operation.

8. Admit.

9. Admit.

10. Admit.

11. Admit that Defendant Five Oaks was the employer of the named Plaintiffs, otherwise denied.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. Admit.

17. Denied.

18. Denied.

19. Denied.

20. Admit as to the named Plaintiffs, otherwise denied.

21. Admit.

22. Denied.

23. Denied.

24. Does not require admission or denial.

25. Denied.

26. This allegation is unclear with respect to the allegation that "Plaintiffs and the other Similarly Situated Direct Care Staff were unpaid overtime compensation, thus requiring overtime…" Deny that Plaintiffs or Similarly Situated staff were not paid all overtime to which they were entitled.

27. Admit as to the named Plaintiffs. Denied as to a claim for Similarly Situated Direct Care Staff.

28. Admit as to the named Plaintiffs. Denied as to a claim for Similarly Situated Direct Care Staff.

29. Denied.

30. Admit as to the time period actually worked, otherwise denied.

31. Admit that Plaintiffs purport to bring this action on behalf of themselves and similarly situated staff, otherwise denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation.

37. Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation.

38. Denied.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation.

40. Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation.

41. Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation.

42. No written Consents were attached to the complaint served on Defendants.

43. Does not require admission or denial.

44. Admit as to the named Plaintiffs. Denied as to a claim for Similarly Situated Direct Care Staff Employees.

45. Admit as to the named Plaintiffs. Denied as to a claim for Similarly Situated Direct Care Staff Employees.

46. Admit that the named Plaintiffs worked at times in excess of 40 hours per workweek, for which they were paid overtime. Denied as to a claim for Similarly Situated Direct Care Staff Employees/

47. Denied.

48. Denied.

49. Denied.

50. The allegations in Section VIII of the complaint and the Prayer are denied.

## Affirmative Defenses

51. Some or all of Plaintiffs' claims are barred under the applicable statute of limitations.

52. The alleged violations of the FLSA were neither knowing nor based on reckless disregard of the provisions of the FLSA. Therefore, the applicable statute of limitations is two years back from the date of the filing of this action.

53. The alleged violations of the FLSA were taken in good faith, and Defendants reasonably believed that their conduct complied with the provisions of the FLSA. Defendants are thus entitled to the good faith defense against claims for liquidated damages.

54. Some or all of Defendants' acts or omissions complained of were taken in good faith in conformity with and in reliance on administrative regulations, orders, rulings, approvals, or interpretations of the United States Department of Labor, Wage and Hour Division, as well as administrative practices and/or enforcement policies of that. Accordingly, Defendants have a good faith defense against all liability in this matter.

Wherefore, Defendants pray that Plaintiffs take nothing, that they recover their attorney's fees, and for such other and further relief to which Defendants may show themselves to be justly entitled.

Respectfully submitted,

By: /s/ Brian T. Farrington
    **BRIAN T. FARRINGTON**
    Texas Bar No. 00790667

    **SIM ISRAELOFF**
    Texas Bar No. 10435380

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 3900
Dallas, TX 75202
(214) 672-2117 (Tel)
(214) 672-2317 (Fax)
E-mail: bfarrington@cowlesthompson.com
E-mail: sisraeloff@cowlesthompson.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by the court's ECF system on this 20th day of July, 2020.

*/s/ Sim Israeloff*